**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

OCT 30 2020

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 19-10249 |
| Plaintiff-Appellee, | D.C. No. 1:18-cr-00014-LJO-SKO-1 |
| v. | |
| JOHNNY JARAMILLO, | MEMORANDUM[*] |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the Eastern District of California
Lawrence J. O'Neill, District Judge, Presiding

Submitted October 26, 2020[**]

Before:    McKEOWN, RAWLINSON, and FRIEDLAND, Circuit Judges.

Johnny Jaramillo appeals from the district court's judgment and challenges the 120-month sentence imposed following his guilty-plea conviction for transfer of a firearm to a felon, in violation of 18 U.S.C. § 922(d)(1); possession of an unregistered firearm, in violation of 26 U.S.C. § 5861(d); and possession of

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

firearms after suffering a misdemeanor domestic violence conviction, in violation of 18 U.S.C. § 922(g)(9). We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

Jaramillo argues that the district court deprived him of constitutionally effective counsel when it improperly denied his second motion for substitution of counsel. We conclude that the district court did not abuse its discretion by denying Jaramillo's motion. *See United States v. Mendez-Sanchez*, 563 F.3d 935, 942 (9th Cir. 2009) (setting forth standard of review and three-factor test). The record reflects that the district court adequately questioned Jaramillo and appointed counsel, and had a sufficient basis for reaching an informed decision. *See id.* at 942-43. The record further reflects "some level of conflict" between Jaramillo and his counsel, but not an "extensive, irreconcilable conflict" that substantially interfered with the relationship. *See id.* at 943 (internal quotations omitted); *see also United States v. McKenna*, 327 F.3d 830, 844 (9th Cir. 2003) (it is "well-settled" that disagreements over strategic decisions are insufficient to warrant substitution of counsel).

**AFFIRMED.**

19-10249